**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4098**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAYMOND WALKER, a/k/a Raymond Walker, Jr.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, District Judge. (2:06-cr-00528)

Submitted: January 10, 2008          Decided: January 31, 2008

Before WILKINSON, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Albert P. Shahid, Jr., SHAHID LAW OFFICE, LLC, Charleston, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, Alston C. Badger, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Raymond Walker pled guilty to possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (2000), and using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1)(A) (West Supp. 2007). The district court sentenced Walker to ninety months in prison. Walker timely appealed.

Walker first contends that the district court erred in accepting his guilty plea. Because Walker did not seek to withdraw his guilty plea in the district court and points to no errors in the Fed. R. Crim. P. 11 hearing, we find that the district court did not plainly err in accepting his guilty plea. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (providing standard).

In addition, Walker argues that the district court erred by failing to downwardly depart from the guideline range pursuant to U.S. Sentencing Guidelines Manual § 5K2.13 (2005), based on his diminished capacity. A district court's failure to grant a downward departure is not reviewable unless the court was under the mistaken impression that it lacked the authority to depart. United States v. Matthews, 208 F.3d 338, 352 (4th Cir. 2000); see also United States v. Cooper, 437 F.3d 324, 333 (3d Cir. 2006) (collecting cases declining to review district court's decision not to depart, even after United States v. Booker, 543 U.S. 220 (2005)). Because Walker did not request a departure, the district

- 2 -

court did not consider a departure based on his diminished capacity and thus did not make any decisions concerning its authority to depart on that ground. We therefore lack jurisdiction to review the district court's failure to depart sua sponte.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED